(13 App. Div. 151.)

### CRANFORD et al. v. CITY OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department. January 19, 1897.)

TRIAL—SCOPE OF OBJECTIONS.

    An objection to testimony as "immaterial and irrelevant" does not raise the question whether it is inadmissible because relating to a defense not pleaded.

Appeal from special term, Kings county.

Action by John P. Cranford and others against the city of Brooklyn, James J. Moran and John Doe, composing the firm of James J. Moran & Co., the Fulton Bank of Brooklyn, and others, to foreclose mechanics' liens. From a judgment entered on a decision of the trial judge determining the rights and priorities of the parties, plaintiffs and defendants James J. Moran and John Doe appeal. Modified.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William J. Carr, for appellants.
William G. Cooke, for respondent City of Brooklyn.

CULLEN, J. The defendants James J. Moran & Co. entered into a contract with the defendant the city of Brooklyn for the construction of certain sewers. This contract was performed by Moran & Co. The plaintiffs and the defendants other than the city and Moran & Co. are subcontractors or material men, who performed work or furnished materials in the execution of the contract. These parties filed mechanics' liens. The plaintiffs brought this action to foreclose their lien. The defendants answered, setting forth their various claims upon the unpaid portion of the contract price which the defendant the city of Brooklyn admitted that it still held. In its answer the city set up no right to retain the fund, or the existence of any claims for damages. The action was tried, and the court rendered judgment determining the rights and priorities of the various claimants. These provisions it is unnecessary to recite, as only one question is raised on this appeal. The contract between Moran & Co. and the city contained the following provision:

"And the said party of the second part further agrees that he will execute a bond in such sum and with such securities as shall be approved by the commissioner for the faithful performance of this contract, conditioned to indemnify and save harmless the parties of the first part from all suits or actions of any name or description brought against them or the city of Brooklyn for or on account of any injuries or damages received or sustained by any party or parties by or from the said party of the second part, his servants or agents, in the construction of said work, or by or in consequence of any negligence in guarding the same, or any improper materials used in its construction, or by or on account of any act or omission of the said party of the second part or his agents, and for the faithful performance of this contract by the party of the second part; and the said party of the second part hereby further agrees that so much of the moneys due to him under and by virtue of this agreement as shall be considered necessary by the said commissioner may be retained by the said parties of the first part until all such suits or claims for damages as aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of said commissioner."

The trial court found that the balance due on the contract still unpaid by the city was $53,573.52, and that claims had been filed

against the city to the amount of about $100,000 for damages caused by the alleged faulty or improper construction of the sewer. The decree directed:

"The city of Brooklyn be, and it is hereby, directed to pay out and distribute the said sum of $53,573.52, or such a balance thereof as may remain when the claims now held against the defendant the city of Brooklyn on the ground of the alleged negligent construction of the said Greene avenue main relief sewer are settled, or when any decision, judgment, or verdict is rendered by which it may be decided that such alleged damages were not caused by any negligence on the part of the defendants James J. Moran & Co. in the construction of the said sewer, as follows," etc.

The only parties who appeal from the judgment are the plaintiffs and the defendants James J. Moran & Co., and the latter have not appeared before us on the appeal.

The plaintiffs contend that the trial court had no power to permit the defendant the city of Brooklyn, after trial, to amend its pleading so as to set up its right to retain the fund as indemnity against claims or suits. We concede that this was a new defense, and that it was beyond the power of the court to allow the defendant to set up that defense on the trial, had proper objection been made to the reception of the evidence offered to support it. But the record shows that the plaintiffs made no objection whatever, and the objection of the defendants Moran & Co. that the evidence was immaterial and irrelevant did not fairly apprise the court of the true objection that the defense had not been pleaded. Had proper objection been made, the court would doubtless have suspended the trial, and given the defendant an opportunity to apply, on notice, for leave to amend its answer. The objection to the regularity of the proceedings should not now prevail, when the rights of all parties can be protected by a modification of the judgment, which we shall direct.

We agree with the claim of the appellants that the city can retain the funds as security for such claims only as are based on the fault or misconduct of the contractors, and that claims arising from fault of design or specifications for the work are not chargeable against the fund. We think the fair interpretation of the part of the decree quoted is in accord with this view. As the notices of the claim are not printed in the record before us, we must assume they are for matters arising from the negligence of the contractors. However, the matter is not of great importance. It is plain that it will be necessary for the parties to have further relief, and take further proceedings under the decree. Leave to make such application is provided for by the findings and decision, but not reserved by the decree itself. The decree should be modified by incorporating in it such provision, and by further providing that either party may apply for a reference to determine and state what claims are chargeable against the fund; and to decree the payment from the fund, from time to time, of such sums as may be released from it by the settlement or discharge of the claims as security against which it is held.

The judgment appealed from should be modified in accordance with this opinion, and, as modified, affirmed, without costs to either party. All concur.