CHARLES A. BROWN and JOHN FLEMING, Respondents, *v.* THE CITY OF NEW YORK, Appellant; GABRIEL SPARENDERA and Others, Respondents, Impleaded with Others.

*Contract for public work, providing that moneys due thereunder may be retained until any action for damages is settled — a mechanic's lien by a sub-contractor is subject thereto.*

In an action brought by sub-contractors to enforce a mechanic's lien filed against money due from the city of New York, as successor of the county of Richmond, under a contract for the construction of a road in the county of Richmond, it appeared that the contract required the contractor to save the county harmless against all suits for damages resulting from negligence or carelessness in the performance of the work, and provided "that the whole or so much of the moneys due to him under and by virtue of this agreement as shall or may be considered necessary by the Board of Supervisors shall and may be retained by the said party of the first part until all such suits or claims for damages as aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of the Board of Supervisors."

It further appeared that a claim had been filed against the city of New York for damages resulting from the death of an individual who was killed upon the road in question "through the negligence of the city of New York, its officials, servants and agents;" that an action had been brought upon this claim, and that such action was still pending; that the moneys due to the contractor were not sufficient to meet the demand, and that the city had refused to make further payments under the contract.

*Held,* that the city was entitled to refuse to make further payments until the suit had been settled and evidence to that effect furnished;

That, assuming that the refusal to make payments constituted a breach of the contract entitling the contractor to recover, on *quantum meruit,* the value of the work done and materials furnished thereunder, the judgment should secure to the city the benefit of the indemnity provisions of the contract, and should require the city to pay over to the plaintiffs only the amount remaining due to the contractor after the negligence action had been disposed of.

BARTLETT and HIRSCHBERG, JJ., dissented.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiffs and of certain of the defendants, entered in the office of the clerk of the county of Richmond on the 5th day of June, 1901, upon the decision of the court rendered after a trial at the Richmond Special Term.

*William J. Carr* [*Samuel H. Evins* with him on the brief], for the appellant.

*Alfred S. Brown,* for the plaintiffs, respondents.

WOODWARD, J.:

This is an action brought for the purpose of foreclosing a mechanic's lien filed against moneys due from the city of New York for materials furnished in and about the construction of a road in the county of Richmond, under a contract in writing made between the said county and one John T. Furman. The complaint makes the formal averments to show the relations existing between the county of Richmond and the city of New York; and sets forth that Furman, the contractor, entered upon the work and earned certain moneys thereunder, and that at the time of the filing of the plaintiffs' notice of lien there were moneys due from the city of New York to the contractor on account of work done and materials furnished under said contract; that the plaintiffs had furnished materials consisting of broken stone, which had gone into the performance of this work, and that a balance of $4,298.87 was due them therefor, with interest from August 4, 1898, for which they had filed their notice of lien. Various other parties had filed liens, and in the judgment for the plaintiffs the rights of the various parties are fully protected, and the only point urged on this appeal by the city of New York is that the judgment should be modified so that the moneys now in its hands may be retained until the determination of a certain action for damages against the city of New York, due, as is alleged, to the negligence of Furman, his agents or servants, in carrying out the contract under which the plaintiffs claim.

Section 60 of the contract between Richmond county and Furman, the contractor, provides: "And the said party of the second part further agrees that during the performance of the said work he will place proper guards on and around the same for the prevention of accidents, and at night will put up and keep suitable and sufficient lights; and that he will indemnify and save harmless the party of the first part against and from all suits and actions, of every name and description, brought against them, and all costs and damages to

which they may be put for, on account, or by reason of an injury or alleged injury to the person or property of another, resulting from negligence or carelessness in the performance of the work, or in guarding the same, or from any improper materials used in its prosecution, or by or on account of any act or omission of the said party of the second part or his agents; and the said party of the second part hereby further agrees that the whole or so much of the moneys due to him under and by virtue of this agreement as shall or may be considered necessary by the Board of Supervisors shall and may be retained by the said party of the first part until all such suits or claims for damages as aforesaid shall have been settled, and evidence to that effect furnished to the satisfaction of the Board of Supervisors."

This provision of the contract was pleaded by the city of New York in its answer, and it was further alleged that " on or about August 9, 1899, a notice was served upon the Comptroller by Mary Quinney, administratrix of Patrick Quinney, deceased, claiming and demanding ' all and from The City of New York the sum of $25,000 as damages sustained by reason of the death of Patrick Quinney on March 10, 1899, caused by and through the negligence of The City of New York, its officials, agents and servants in maintaining and permitting a certain highway called Tompkins avenue, at Fort Wadsworth, in the Borough of Richmond, to be in an unsafe and impassable condition, so that the said Patrick Quinney, in passing along said highway on the 10th day of March, 1899, fell into an excavation or ditch and thereby was killed; that the death of said Patrick Quinney was caused without any negligence on his part and wholly through the negligence of The City of New York, its officials, servants and agents in negligently and improperly suffering and permitting the said street or avenue to be and to remain in a dangerous condition and in permitting its use while in said condition without proper safeguards; that said administratrix thereafter commenced an action in the Supreme Court in Richmond county to enforce said claim, and said action is still pending,' and this defendant begs leave to refer to said instrument and papers for their contents and legal effect."

There was another provision in the contract under which the defendant, The City of New York, or the predecessor of such city,

undertook to pay upon the work as it progressed up to eighty per cent upon the estimates of the engineer, and various payments had been made, so that at the time of the filing of the claim above mentioned there was not money enough earned and due to the contractor to meet this demand. Payments under this provision of the contract were, therefore, suspended, and the court below has found that this constituted a breach of the contract on the part of the city of New York and entitled the contractor to recover *quantum meruit* the value of the work done and materials furnished thereunder.

There is no complaint upon this point, except that it ignores that provision of the contract which provides for indemnifying the city of New York against suits or claims for damages, and the defendant urges upon this appeal that the judgment should be modified so that the city of New York may have the benefit of this provision of the contract, paying over to the plaintiffs and others interested such sums as may remain after the trial of the action for damages instituted by Mrs. Quinney. In this contention we think the appellant is correct. The plaintiffs can be in no better situation than the original contractor, were he alive. We are of opinion that the clause of the contract now under consideration contemplated just such a case as has arisen, and that the city of New York had a right to refuse to make further payments until " all such suits or claims for damages as aforesaid shall have been settled and evidence to that effect furnished to the satisfaction of the Board of Supervisors." A claim having been filed, in the manner provided by law, for damages for the death of an individual killed upon one of the avenues involved in the work under contract, the claim alleging the negligence of the city of New York, its agents, servants, etc., the condition had arisen which the contract intended to provide for, and the burden was upon the contractor or his representatives to show that the suit or claim for damage had been settled. This was the doctrine of *Cranford* v. *City of Brooklyn* (13 App. Div. 151) and it is the only one consistent with the provisions of this contract in the respect now under consideration almost identical with that of the *Cranford* case.

The judgment should be modified as indicated above, and as so modified, should be affirmed.

All concurred, except BARTLETT and HIRSCHBERG, JJ., who dissented on the ground that there is no averment, admission or proof that the Quinney suit against the city is based on any allegation or claim of negligence against the contractor, or that the accident was connected with his work.

Judgment modified in accordance with the opinion of WOODWARD, J., and as so modified affirmed, with costs.